```
 1  KAREN P. HEWITT
    United States Attorney
 2  STEVE B. CHU
    Assistant U.S. Attorney
 3  California Bar No. 221177
    Office of the U.S. Attorney
 4  880 Front Street, Room 6293
    San Diego, CA 92101-8893
 5  Telephone: (619) 557-5682

 6  Attorneys for the United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MAGSANOC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE UNITED STATES NAVY, JAMES DOYLE, JR.<br><br>　　　　　Defendants. | Civil Case No. 07CV02046-H-POR<br><br>EX PARTE APPLICATION FOR AN ORDER ESTABLISHING TIME FOR FEDERAL DEFENDANTS TO RESPOND TO COMPLAINT<br><br>(Fed. R. Civ. P. 6(b)(1)(A)) |

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), it is requested that the Court issue an order specifying the time for the United States to respond to the Complaint filed in this action by Plaintiff Rafael Magsanoc which was filed on October 29, 2007.[1] This action arises under the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b), 2671, et. seq. Ordinarily, in an action originally filed in United States District Court against the United States, the time for response to a complaint against the United States is set forth in Fed R. Civ. P. 12(a)(2). That rule affords "60 days after service upon the United States Attorney . . ." within which to respond to the Plaintiff's pleading as opposed to the 20 days generally afforded to non-federal defendants under

---

[1] Such an order is authorized under Fed. R. Civ. Proc. 6(b)(1)(A), which provides discretionary authority to enlarge time "with or without motion or notice . . . " Authority to enlarge time naturally encompasses the power to designate the proper time for response to a complaint.

1 the Rule. As noted in its notice of substitution, filed concurrently with this motion, Plaintiff's action improperly names an individual, James Doyle Jr., as a defendant. Plaintiff also improperly attempted to serve Mr. Doyle, who at the time of the alleged incident was a federal employee who was found to have been acting within the course and scope of his employment.

The United States is filing concurrently with this ex parte application a notice of substitution and certification of scope of employment in order to substitute the United States into this action as the proper defendant. To date, the United States has not yet been properly served with Plaintiff's Complaint. To that end, in order to clarify a time to respond to the Plaintiff's Complaint, and to ensure that the United States will be able to utilize the 60 days provided by Rule 12 to prepare its response, it is requested that the Court issue an order establishing that the United States shall have 60 days from the date that Plaintiff properly serves the United States to respond or otherwise plead to Plaintiff's Complaint.

DATED: August 12, 2008

KAREN P. HEWITT
United States Attorney

 s/ Steve B. Chu

STEVE B. CHU
Assistant U.S. Attorney

Attorneys for all Federal Defendants